IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| INVENERGY RENEWABLES LLC, a Delaware limited liability company, | § § § | No. 293, 2019 |
| Defendant Below-Appellant/ | § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 11830 |
| LEAF INVENERGY COMPANY, a Cayman Islands exempt limited liability company, | § § § § § | |
| Plaintiff Below-Appellee/ Cross-Appellant. | § § | |

Submitted: September 18, 2019
Decided: September 19, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

(1)     This expedited appeal follows our recent opinion in *Leaf Invenergy v. Invenergy*[1] (*Leaf I*).  In *Leaf I*, we concluded that Invenergy breached the terms of the LLC agreement it had with one of its investors—Leaf Invenergy ("Leaf")—by conducting a "Material Partial Sale" without redeeming Leaf for a contractually defined "Target Multiple."  We held that "Leaf is entitled to damages in the amount of the Target Multiple on the condition that Leaf surrenders its membership interest in Invenergy"[2] and remanded the case to the Court of Chancery.

---

[1] 210 A.3d 688 (Del. 2019).
[2] *Id.* at 704.

(2)     After our remand, the Court of Chancery entered a final judgment and order that included prejudgment interest from December 15, 2015, the closing date of the aforementioned Material Partial Sale.  Invenergy appeals the calculation of prejudgment interest, which amounts to nearly $30 million.

(3)     "A party is entitled to prejudgment interest running from the date payment is due. The determination of the date when payment is due is a matter of law subject to plenary review."[3]

(4)     Invenergy argues that prejudgment interest should not have been calculated from December 15, 2015 but rather from June 20, 2018, because on that date, Leaf surrendered its membership interest to Invenergy via a redemption agreement[4] and, as mentioned, our opinion in *Leaf I* awarded damages "on the condition that Leaf surrenders its membership interest."

(5)     We disagree with Invenergy.  "Where . . . the underlying obligation to make payment arises *ex contractu*, we look to the contract itself to determine when interest should begin to accrue."[5]  Under the LLC agreement, which is the relevant contract here, Leaf was entitled to the Target Multiple when Invenergy closed the TerraForm deal, which occurred on December 15, 2015.

---

[3] *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 508 (Del. 2001).
[4] Although the parties executed this agreement before the submission date of *Leaf I*, the parties did not appear to have made this agreement a part of the appellate record in *Leaf I*.
[5] *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992).

(6)     Contrary to what Invenergy's argument suggests, it was not our opinion that ultimately entitled Leaf to the Target Multiple. Rather, what entitled Leaf to the Target Multiple was the LLC agreement and Invenergy's undertaking of a Material Partial Sale that triggered the contractual provisions we interpreted in *Leaf I*. And because Leaf's contractual right to the Target Multiple was not contingent upon a prior unconditional surrender of its membership interests, neither does Leaf's prejudgment failure-to-surrender diminish Leaf's right to prejudgment interest on damages for an undisputed counterparty breach. That we required Leaf to surrender its membership interest is nothing more than a judicial effort to enforce the terms of the parties' agreement, which provided that payment of the Target Multiple would redeem Leaf's interests.

(7)     Leaf's informal request for fees is denied. "Although we have authority under Supreme Court Rule 20(f) to award attorneys' fees in the case of a frivolous appeal, we will not consider an informal request in the absence of a formal motion made and presented in accordance with the Supreme Court Rules."[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *Glanden v. Quirk*, 128 A.3d 994, 1006 (Del. 2015).

3